**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert Allen SEAMAN, Defendant–
Appellant.**

**No. 08–30224.**

United States Court of Appeals,
Ninth Circuit.

Argued and submitted April 15, 2009.

Filed April 24, 2009.

Aine Ahmed, Esquire, USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

ed by 9th Cir. R. 36–3.

Gerald R. Smith, Esquire, Law Office of Gerald R. Smith, Spokane, WA, for Defendant–Appellant.

Before: B. FLETCHER, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM *

Defendant–Appellant Robert Allen Seaman appeals his conviction by conditional guilty plea for being a felon in possession of ammunition. We affirm. Because the parties are familiar with the facts and procedural history of this case, we need not recount it here.

Seaman claims the district court improperly denied his motion to suppress ammunition seized pursuant to a warrantless probationary search. We review *de novo* the district court's denial of the suppression motion. *United States v. Delgado*, 545 F.3d 1195, 1200 (9th Cir.2008).

The district court correctly concluded that the corrections officer had reasonable suspicion to search Seaman's residence. Though each piece of evidence the officer had may have been subject to independent challenge, we must view the justification for the search under the totality of the circumstances. *United States v. Arvizu*, 534 U.S. 266, 273–74, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). Considering the totality of the circumstances, we conclude that the corrections officer had reasonable suspicion that Seaman had violated his supervised release conditions and was engaged in criminal activity. *See United States v.*

*Knights*, 534 U.S. 112, 121–22, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001).

The district court also correctly rejected Seaman's contention that the probationary search was invalid under Washington law. Wash. Rev.Code §§ 9.94A.631 granted the corrections officer the right to search Seaman's residence, and nothing in that section, or any other Washington authority, persuades us that this authority dissipated once Seaman was arrested but prior to his incarceration.

Finally, the district court did not abuse its discretion in declining to certify an issue to the Washington Supreme Court. *See Thompson v. Paul*, 547 F.3d 1055, 1059 (9th Cir.2008). The certification of open questions of state law to the state supreme court can "in the long run save time, energy, and resources and helps build a cooperative judicial federalism," but "[i]ts use in a given case rests in the sound discretion of the federal court." *Lehman Bros. v. Schein*, 416 U.S. 386, 391, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974). Here, given the circumstances of the case, we conclude there was no abuse of discretion, and we decline to certify the question on our own initiative.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.